IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE INSURANCE | : | |
| COMPANY OF SOUTH CAROLINA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-1118 |
| | : | |
| v. | : | |
| | : | |
| HERSHEY EQUIPMENT COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                    February 10, 2015

In this case, an insurance company seeks a declaration that it does not have a duty to indemnify its insured with respect to an underlying action currently pending in state court. The defendant filed a motion to dismiss contending that the court should dismiss this matter on ripeness grounds. For the reasons that follow, the court *sua sponte* declines to exercise jurisdiction over this matter under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, and stays this action for a period of six months. The court also denies the motion to dismiss without prejudice.

## I.        ALLEGATIONS AND PROCEDURAL HISTORY

On February 25, 2014, the plaintiff, Selective Insurance Company of South Carolina, filed a federal complaint against the defendant, Hershey Equipment Company, in which it seeks a declaration that it does not have a duty to indemnify the defendant in an underlying state-court action that has been pending in the Court of Common Pleas of Lancaster County since February

2010.  Compl. at 2-6, Doc. No. 1.[1]  In lieu of filing an answer to the complaint, the defendant filed a motion to dismiss on April 29, 2014, on the ground that the current status of the underlying state action renders the complaint subject to dismissal as containing unripe claims. Br. in Supp. of Mot. to Dismiss, Doc. No. 7.  The plaintiff filed a response in opposition to the motion on May 12, 2014.  Pl.'s Answer to Def.'s Mot. to Dismiss, Doc. No. 8.

After conducting a preliminary review of the complaint, the court issued an order to show cause on June 27, 2014, inviting the parties to brief the question of whether the court should decline to exercise jurisdiction over this matter given both the discretionary nature of the DJA and the recent holding of *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014).  Order to Show Cause, Doc. No. 10.  The court set a briefing schedule and scheduled oral argument to occur in conjunction with the initial pretrial conference on August 12, 2014.  *Id.*

The parties timely filed their respective responses and the court held oral argument at the scheduled time.  The DJA jurisdictional issue is thus ripe for disposition.

## II.     DISCUSSION[2]

The court recently applied *Reifer* to a remarkably similar situation and will call upon that analysis here only to the extent needed to decide this case.  *See State Nat'l Ins. Co. v. Landis*, No. 14-607, 2015 WL 291722 (E.D. Pa. Jan. 15, 2015) (applying *Reifer* to an insurance coverage dispute involving an underlying action pending in the Court of Common Pleas of Lancaster County).  Under *Reifer*, the court must first determine whether the *Musser* action constitutes a parallel proceeding capable of triggering a rebuttable presumption against exercising jurisdiction. *Id.* at *5-6.  As in *Landis*, and for the reasons expressed therein, the pending Lancaster County

---

[1] This underlying action is captioned at *Musser v. Hershey Equip. Co.*, CI-10-01185, and aims to impose liability on the defendant in connection with an alleged workplace accident that unfortunately resulted in an employee sustaining gruesome injuries.  Compl. at ¶¶ 10-12.
[2] Based on the jurisdictional allegations contained in the complaint, the court has diversity jurisdiction under 28 U.S.C. § 1332.  Compl. at ¶¶ 1-3.

action does constitute such a proceeding. *See id.* at \*6-8 (explaining the characteristics of a parallel action for DJA purposes). The plaintiff, at least at present, tends to agree. *See* Resp. of Pl. Selective Ins. Co. of South Carolina in Resp. to Order to Show Cause ("Pl.'s Resp. to Order to Show Cause") at 4-5, Doc. No. 12 (stating that the *Musser* action "likely qualifies as a parallel proceeding" and that this case "could be an appropriate case with respect to which this Court might decline jurisdiction" (internal quotation marks and citation omitted)). Consequently, the court presumes, subject to rebuttal, that an exercise of jurisdiction over this matter is inappropriate.

Turning to the second part of the *Reifer* analysis, and again mirroring *Landis*, the court finds the presumption to be dispositive because there are no countervailing factors present to rebut it. Indeed, it appears that the parties agree that no such factors exist, at least while the underlying action sits in its current phase. *See* Pl.'s Resp. to Order to Show Cause at 4-6; Resp. of Def. Hershey Equip. Co. to Order to Show Cause at 3-6, Doc. No. 13. This agreement, of course, is well founded. By encompassing only state-law issues, this case hardly presents a situation where a federal forum is required to vindicate federal interests. Moreover, if the plaintiff is correct in characterizing these state-law issues as rather routine, the need for federal restraint is amplified given the Third Circuit's observation that "there would seem to be even less reason for the parties to resort to the federal courts" when state law "is firmly established." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000); *see* Reply of Pl. Selective Ins. Co. of South Carolina to Resp. of Def. Hershey Equip. Co. to Order to Show Cause at 2, Doc. No. 15. Broadly speaking, then, the court can locate no factor, and the parties point to none, powerful enough to override the applicable *Reifer* presumption against exercising jurisdiction in this case. A stay or dismissal of this action is thus warranted. *See Wilton v. Seven Falls Co.*, 515 U.S. 277,

288 (1995) (stating that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close" (footnote omitted)).

Because the plaintiff maintains that the *Reifer* analysis could change as the nature of the underlying state-court action changes, it requests a stay.  Pl.'s Resp. to Order to Show Cause at 5. Without endorsing the underlying observation, the court grants the request given the Supreme Court's preference for a stay in situations such as the present one.  *See Wilton*, 515 U.S. at 288 n.2 (1995) (citation omitted).  The court therefore stays this action for a period of six months with the understanding that the court will reexamine the propriety of declining to exercise jurisdiction over this matter at the conclusion of this period.

Given this disposition, the court need not pass upon the ripeness issue raised by the defendant at this time and, accordingly, denies the outstanding motion to dismiss without prejudice to its renewal, if appropriate, once, and if, the court lifts the stay.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (stating that "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits").

## III.    CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction under the DJA and stays this matter pending further review of the status of the case after six months.  The court also denies the outstanding motion to dismiss without prejudice.

An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

4